■ EMI Realty Corp., Appellant, v 241-247 Hempstead Turnpike, Inc., et al., Respondents. [809 NYS2d 198]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Mahon, J.), entered February 6, 2004, which, after a nonjury trial, and upon a decision of the same court dated January 14, 2003, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The subject real estate contract of sale contained, within a rider attached to the contract, a clause stating that the seller would deliver to the purchaser "a certificate of occupancy or like document legally allowing the premises to be used as a used car lot and commercial mixed use building." The rider contained another clause, in paragraph 9, stating that "[t]he parties agree that the acceptance of a deed hereunder shall constitute a waiver of all of the purchaser's right of rescission o[r] for damages." The defendants did not deliver a certificate of occupancy at the closing. Subsequently, the defendants delivered to the plaintiff two certificates of completion legally allowing the use of the subject premises for the display and sale of used cars. However, the use was temporary and had to be renewed. The plaintiff commenced this action, inter alia, to recover damages for breach of contract. The Supreme Court dismissed the complaint, and the plaintiff appeals on the ground, inter alia, that the defendants breached the written contract by failing to deliver a certificate of occupancy allowing the permanent use of the premises for the sale and display of used cars.

Pursuant to paragraph 9 of the rider, the plaintiff's acceptance of the deed constituted a waiver of its right of rescission or for damages. Accordingly, dismissal of the complaint was proper.

The plaintiff's remaining contentions are without merit. Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.